Clayeo C. Arnold, SBN 65070
JOSHUA H. WATSON, SBN 238058
CLAYEO C. ARNOLD, PC
865 Howe Avenue
Sacramento, CA 95825
Telephone: (916) 777-7777
Facsimile: (916) 924-1829
Email: jwatson@justice4you.com

Attorneys for Plaintiff
*DAPHNIE JORDAN*

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAPHNIE JORDAN<br><br>    Plaintiff,<br><br>vs.<br><br>NOR-CAL PIPELINE SERVICES<br><br>    Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. EQUAL PAY ACT (FLSA) –<br>PAY RATE DISCRIMINATION<br>29 USC § 206(d)<br><br>2. CALIFORNIA EQUAL PAY ACT –<br>PAY RATE DISCRIMINATION<br>Cal. Labor Code § 1197.5<br><br>3. EQUAL PAY ACT (FLSA) –<br>RETALIATION<br>29 USC § 206(d)<br><br>4. CALIFORNIA EQUAL PAY ACT –<br>RETALIATION<br>Cal. Labor Code § 1197.5<br><br>5. CALIFORNIA FAIR EMPLOYMENT<br>AND HOUSING ACT – DISPARATE<br>IMPACT/EQUAL PAY<br>Cal. Gov. Code § 12940(a)<br><br>6. CALIFORNIA FAIR EMPLOYMENT<br>AND HOUSING ACT – RETALIATION<br>Cal. Gov. Code § 12940(h)<br><br>7. WRONGFUL TERMINATION IN<br>VIOLATION OF PUBLIC POLICY<br><br>***JURY TRIAL DEMANDED*** |

1
COMPLAINT FOR DAMAGES

Comes now Plaintiff DAPHNIE JORDAN, who alleges and complains as follows on information and belief, and who prays for relief from the court.

## SUMMARY

1. Plaintiff Daphnie Jordan worked for Defendant as a certified payroll specialist. Ms. Jordan is Black and female. At all times, she was paid less than a man and non-black women doing substantially similar work. Plaintiff brings one set of claims under the US Equal Pay Act (incorporated into FLSA) and California Equal Pay Act for pay rate discrimination. Plaintiff brings a second set of claims for retaliation because Defendant terminated her employment after she continued to seek a raise to a fair market rate. Neither the federal or state statute requires proof of racial or sex animus.

2. Plaintiff seeks unpaid wages, liquidated damages of an equal amount, attorney's fees per statute, and costs of litigation.

## PARTIES

3. Plaintiff Daphnie Jordan (hereafter "PLAINTIFF") is an adult individual residing in Texas. PLAINTIFF was at all relevant times employed by Defendant NOR-CAL PIPELINE SERVICES in California.

4. Defendant NOR-CAL PIPELINE SERVICES (hereafter "DEFENDANT") is a private business and employer with its principal place of business in California. Defendant is organized as a California Corporation.

## JURISDICTION, VENUE & ADMINISTRATIVE REMEDIES

5. The Court has federal question subject matter jurisdiction over this dispute because Plaintiff alleges violations of the Equal Pay Act, incorporated within the Fair Labor Standards Act, 29 USC §201, *et seq. See especially*, 29 USC §§ 206(d), 216.

6. The Court has supplemental subject matter jurisdiction over this dispute because the allegations of the state law claims substantially overlap and are intertwined with the same series of events, transactions, and course of employment at issue in the federal claims. 28 U.S. Code § 1367.

7. The acts and omissions at issue in this pleading occurred within Yolo County.

8. At the time of the events and omissions giving rise to this pleading, DEFENDANT'S headquarters were located within Yolo County in California. They are now located within Placer County in California.

9. As to state law claims PLAINTIFF exhausted all applicable administrative remedies and obtained a right to sue letter pursuant the California Fair Employment and Housing Act, and served that letter by timely depositing it with the U.S. Post Office via certified mail prior to filing this Complaint.

10. PLAINTIFF'S signed consent to file FLSA matter is included as an attachment to this Complaint.

## GENERAL FACTUAL ALLEGATIONS

*Particulars of Employment*

11. PLAINTIFF is and was at all relevant times Black and female.

12. PLAINTIFF at all relevant times worked for DEFENDANT as a payroll specialist.

13. PLAINTIFF'S work duties for DEFENDANT included and centered around processing payroll for employees.

14. In addition to handling regular payroll duties, PLAINTIFF also processed certified payroll for DEFENDANT. Certified payroll duties included certain reporting of payroll data for union and public works compliance.

15. Providing certified payroll services is an additional and higher-level duty than providing only payroll services.

16. Other employees employed by DEFENDANT at the same time PLAINTIFF worked for DEFENDANT also performed payroll services. Not all such employees performed the additional work of certified payroll.

17. Throughout the time that PLAINTIFF worked for DEFENDANT, PLAINTIFF was the lowest paid employee performing substantially similar work in payroll.

18. At and around the time of PLAINTIFF'S employment by DEFENDANT, DEFENDANT employed at least the following persons, identified here only by first

Case 2:22-cv-00540-KJM-KJN   Document 1   Filed 03/23/22   Page 4 of 14

name, in jobs that were substantially similar to PLAINTIFF'S position, each of whom was paid more than PLAINTIFF:

    a. "Frank," a male.

    b. "Maria," a female who is not Black.

    c. "Teresa," a female who is not Black.

    d. "Melissa," a female who is not Black.  (Melissa was promoted after being initially hired for payroll, and this Complaint addresses only her compensation rate while working as a payroll clerk.)

19. The above positions required substantially equal skill, efforts, and responsibility to perform in comparison to PLAINTIFF'S work, and share a common core of tasks with PLAINTIFF'S work in that, among other things, all the positions were essentially those of a payroll clerk.  To the degree certified payroll work justified a higher wage, PLAINTIFF performed such work but was still the lowest paid.

20. PLAINTIFF was terminated shortly after she sought a raise in pay.

21. DEFENDANT advertised for a replacement employee to perform the work PLAINTIFF performed.  The advertisement offered to pay more than DEFENDANT had been paid.

22. DEFENDANT hired a replacement employee to perform the work PLAINTIFF performed.  The replacement employee was paid more than DEFENDANT had been paid.

23. The person DEFENDANT hired to replace PLAINTIFF was not a Black woman.

24. PLAINTIFF first started working for DEFENDANT on or about June 26, 2019.

25. PLAINTIFF last worked for DEFENDANT on or about June 29, 2020.

26. PLAINTIFF'S rate of pay was set or adjusted by DEFENDANT on or about each of the following dates:

    a. June 26, 2019

    b. July 28, 2019

    c. October 27, 2019

    d. January 13, 2020

4
COMPLAINT FOR DAMAGES

27. As to each adjustment of pay above, PLAINTIFF continued to be the lowest-paid employee who performed the subject work (as pled herein) for DEFENDANT, and her status as the lowest-paid such employee continued through to her final paycheck.

*Allegations Concerning Willfulness*

28. The U.S. Equal Pay Act and California Equal Pay Act both provide for an additional year of claims under the respective statutes of limitations where an employer's violation of the statute is "willful." Willful conduct includes violation of the relevant statute when "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133.

29. DEFENDANT knew it was not compliant with the Equal Pay Act or alternatively showed reckless disregard for compliance with the U.S. and California Equal Pay Acts, as demonstrated by, among other things:

   a. At points in PLAINTIFF'S Employment, DEFENDANT paid PLAINTIFF less than it paid the receptionist, who held an entry-level position.

   b. Despite providing for raises to PLAINTIFF at points during her employment, DEFENDANT failed to ever bring her to parity with the wages paid to employees doing substantially similar work.

   c. A human resources manager employed by DEFENDANT raised the fact that PLAINTIFF was underpaid with senior management in writing, compared PLAINTIFF'S pay to the rate of pay of similar employees, and requested PLAINTIFF receive a raise. The human resources manager was terminated shortly thereafter. PLAINTIFF was given a raise, but still to an amount below that paid to employees doing substantially similar work.

   d. When PLAINTIFF continued to raise the issue of her underpayment, she was told by her immediate supervisor that she would receive the raise, but was then terminated on pretext.

   e. After terminating PLAINTIFF, DEFENDANT hired a person who was not a Black woman to replace PLAINTIFF, and paid that person more than

DEFENDANT had ever paid PLAINTIFF.

    f. DEFENDANT maintained a workplace that had concerning racial language suggestive of actual or implicit bias in the workplace. This included, but was not necessarily limited to:

        i. A statement by a supervisor that "Black babies smell funny."

        ii. A statement by a supervisor that "it must be hard" for White parents of biracial/Black children.

        iii. A statement by an experienced sales/account professional that a White employee must like sex with Black men because of her anatomical shape.

        iv. A statement by a supervisor to a White employee that the employee should have "warned" the supervisor that another employee had a biracial/Black child so the supervisor could be careful about saying negative things about Black people around the parent.

    g. DEFENDANT generally failed to comply with mandatory sexual harassment training schedules until they were insisted upon by the above-referenced human resources manager whom DEFENDANT terminated.

    h. DEFENDANT operates and all relevant times operated a business involved in public works and union services and employed a large workforce in a regulated environment such that DEFENDANT'S managing authorities had operational knowledge that discrimination was not permissible and that anti-discrimination policies were required. Yet, DEFENDANT failed to take appropriate action to minimize racial or sexual bias in its operations, to investigate the potential for such bias, or correct it as to PLAINTIFF when expressly made aware of it.

*Statute of Limitations; Tolling; Effective Claims Periods*

30. Claims in this matter are subject to the following statutes of limitation:

    a. U.S. Equal Pay Act – Two years, measured from each occurrence of unequal pay based on sex. Extended to three years for willful conduct. *See,* 29 USCA § 255; *Ledbetter v. Goodyear Tire & Rubber Co.,* 550 U.S. 618, 640 (2007).

    b. California Equal Pay Act – Two years, measured from each occurrence of unequal pay based on sex or race.  Extended to three years for willful conduct. *See,* Cal. Labor Code § 1197.5 at (a),(b),(i).

    c. California Fair Employment and Housing Act – Three years prior to the initiating administrative relief with the Department of Fair Employment and Housing, and one year thereafter.  *See,* Cal. Gov. Code 12960.

        i. In this matter, Plaintiff requested and received a right to sue letter from the Department of Fair Employment and Housing on June 23, 2021.

31. As to state law claims asserted herein, all applicable statute of limitations periods are tolled from April 6, 2020 to October 1, 2020 (178 days) pursuant to state law providing pandemic-related tolling as reflected in California Emergency Rule of Court No. 9. Such tolling is substantive law for the purposes of *Erie* analysis. *See, e.g., Gianelli v. Schoenfeld,* No. 221CV00477JAMKJNPS, 2021 WL 4690724, at *19 (E.D. Cal. Oct. 7, 2021), report and recommendation adopted, No. 221CV0477JAMKJNPS, 2021 WL 5154163 (E.D. Cal. Nov. 5, 2021) [opinion by Magistrate Judge Newman, CAED]; *Carlson v. Colorado Ctr. for Reprod. Med., LLC*, No. 21-CV-06133-MMC, 2021 WL 5494273, at *3 (N.D. Cal. Nov. 23, 2021); *Palacios v. Interstate Hotels & Resorts Inc.*, No. 21-CV-05799-TSH, 2021 WL 4061730, at *3 (N.D. Cal. Sept. 7, 2021); *Malaivanh v Humphreys College,* Case 2:16-cv-01081-KJM-GG (CAED), ECF No. 47 Filed 08/16/17 [Judge Mueller notes *Erie* analysis leads to application of state law statutes of limitation for state law claims under both diversity and supplemental jurisdiction.]

32. The relevant claims period for PLAINTIFF in this matter, factoring in statutes of limitation, tolling, and dates of employment, are:

| Count | Claim | Limitations Period | Applicable Claims Period |
|---|---|---|---|
| 1 | U.S. Equal Pay – Pay Rate Discrimination | 2 years for any discrimination | 3/23/2020 – 6/26/2020 |
|   |   | 3 years for willful discrimination: | 6/26/2019 – 6/29/2020 |

| Count | Claim | Limitations Period | Applicable Claims Period |
|---|---|---|---|
| 2 | Cal. Labor Code – Pay Rate Discrimination | 2 years for any discrimination | 9/27/2019 – 6/26/2020 |
| | | 3 years for willful discrimination: | 6/26/2019 – 6/29/2020 |
| 3 | U.S. Equal Pay – Retaliation | 2 years for any discrimination | 3/23/2020 – 6/26/2020 |
| | | 3 years for willful discrimination: | 6/26/2019 – 6/29/2020 |
| 4 | Cal. Labor Code – Retaliation | `2 years for any discrimination | 9/27/2019 – 6/26/2020 |
| | | 3 years for willful discrimination: | 6/26/2019 – 6/29/2020 |
| 5 | FEHA – Disparate Impact Discrimination / Equal Pay | 3 years before DEFH right to sue letter | 6/26/2019 – 6/29/2020 |
| 6 | FEHA – Retaliation | 3 years before DEFH right to sue letter | 6/26/2019 – 6/29/2020 |
| 7 | Wrongful Termination, Tort | 2 years before termination. | 9/27/2019 – 6/26/2020 |

# FIRST COUNT

# VIOLATION OF EQUAL PAY ACT / FAIR LABOR STANDARDS ACT – PAY RATE DISCRIMINATION

# 29 USC § 206(d)

# (BY PLAINTIFF AGAINST DEFENDANT)

33. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

34. DEFENDANT at all relevant times was employer subject to the Fair Labor Standards Act and Equal Pay Act, including but not limited to 29 USC § 206.

35. PLAINTIFF was at all relevant times DEFENDANT'S employee.

36. As alleged herein, DEFENDANT pays different wages to employees of different sexes for substantially equal work. This includes paying PLAINTIFF less than the male(s) employed by DEFENDANT in payroll positions doing substantially similar work to that performed by PLAINTIFF.

37. Such conduct by DEFENDANT was willful.

38. The difference between wages paid to PLAINTIFF and to male employees for substantially equal work reflects unpaid minimum wages, and as applicable unpaid overtime wages. *See*, 29 USC 206(d)(3).

39. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages including but not limited to loss of wages.

40. PLAINTIFF seeks all relief available under the Equal Pay Act, including unpaid minimum and overtime wages, liquidated damages in an amount equal to such wages, attorney's fees, and costs of litigation.

## SECOND COUNT

## VIOLATION OF CALIFORNIA EQUAL PAY ACT –

## PAY RATE DISCRIMINATION

## Cal. Labor Code § 1197.5

## CACI 2740

## (BY PLAINTIFF and AGAINST DEFENDANT)

41. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

42. At all times relevant to this Complaint, PLAINTIFF was employed by DEFENDANT and was paid less than the rate paid to one or more persons of a different sex, race, and/or ethnicity, as alleged herein.

43. At all times relevant to this Complaint, PLAINTIFF was performing substantially similar work as the other persons, as alleged herein, considering the overall combination of skill, effort, and responsibility required.

44. At all times relevant to this Complaint, PLAINTIFF was working under similar working conditions as the other persons, as alleged herein.

45. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

46. PLAINTIFF seeks all relief available under the California Equal Pay Act, including unpaid minimum and overtime wages, interest on such wages, and liquidated damages in an amount equal to such wages and interest, attorney's fees, and costs of litigation.

## THIRD COUNT

## VIOLATION OF EQUAL PAY ACT / FAIR LABOR STANDARDS ACT -

## RETALIATION

## 29 USC § 215

## (BY PLAINTIFF and AGAINST DEFENDANT)

47. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

48. DEFENDANT at all relevant times was employer subject to the Equal Pay Act and Fair

1. Labor Standards Act, including but not limited to 29 USC § 215.

49. PLAINTIFF complained to DEFENDANT of equal pay violations by asking for raises to be paid in accordance with market rates, as alleged herein, during the course of her employment by DEFENDANT.

50. Defendant discharged PLAINTIFF as alleged herein because of such complaints.

51. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

52. PLAINTIFF is entitled "such legal or equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [FLSA/EPA], including without limitation employment, reinstatement, promotion, and the payment of wages lost and an additional equal amount as liquidated damages" as well as attorney's fees and costs necessary for the collection of same.  *See,* 29 USC §216(b).

## FOURTH COUNT
## VIOLATION OF CALIFORNIA EQUAL PAY ACT – RETALIATION
## Cal. Labor Code § 1197.5
## CACI 2743
## (BY PLAINTIFF and AGAINST DEFENDANT)

53. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

54. As alleged herein, PLAINTIFF requested to be paid the market rate for her employment with DEFENDANT, and a human resources manager employed by DEFENDANT notified DEFENDANT'S managing agents in writing that DEFENDANT was not being paid equitably when compared to similar employees, none of whom were Black women.

55. DEFENDANT discharged PLAINTIFF.

56. PLAINTIFF'S pursuit of equal pay was a substantial motivating reason for DEFENDANT'S decision to terminate her employment.

57. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

58. PLAINTIFF is entitled to receive "the balance of the wages, including interest thereon,

and an equal amount as liquidated damages, together with the costs of the suit and reasonable attorney's fees, notwithstanding any agreement to work for a lesser wage." *See,* Cal. Labor Code 1197.5(h).

## FIFTH COUNT

## VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT – DISPARATE IMPACT/EQUAL PAY

## Cal. Gov. Code § 12940(a)

## CACI 2504

## (BY PLAINTIFF and AGAINST DEFENDANT)

59. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

60. At all times relevant to this Complaint, DEFENDANT was an employer regulated by the California Fair Employment and Housing Act in that, among other things, DEFENDANT did business in California, was a California Corporation, and employed more than 5 employees in California.

61. At all relevant times PLAINTIFF was an employee of DEFENDANT as alleged herein.

62. At all relevant times, DEFENDANT had an employment practices that were in violation the the Equal Pay Act and had a disproportional adverse effect on women, Black employees, and Black women employees. Such practices included:

   a. Setting compensation rates without providing any mechanism to provide parity in wages between people doing substantially similar work, regardless of sex, gender, color, race, or ethnicity.

   b. Setting compensation rates based on past compensation rates that any given employee had earned in the past, which thereby continued past inequities.

   c. Supervising and training senior management employees who set compensation rates as to compensation policy in a way that omitted Equal Pay Act compliance as a key tenant of the compensation setting policy.

   d. Supervising and overseeing employee compensation systems without any audits

or similar oversight mechanism to detect Equal Pay violations.

  e. Failing to appropriately train senior management responsible for compensation setting as required by law with respect to harassment and bias.

63. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages, including but not limited to underpayment of wages in violation of law.

64. Plaintiff seeks compensatory damages, attorney's fees, and costs of litigation.

## SIXTH COUNT

## VIOLATION OF CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT – RETALIATION

## Cal. Gov. Code § 12940(h)

## CACI 2505

## (BY PLAINTIFF and AGAINST DEFENDANT)

65. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

66. DEFENDANT discharged PLAINTIFF.

67. PLAINTIFF'S request for equal pay at the market rate was a substantial motivating reason for DEFENDANT'S decision to terminate PLAINTIFF.

68. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.

69. Plaintiff seeks compensatory damages, attorney's fees, and costs of litigation.

## SEVENTH COUNT

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

## CACI 2403

## (BY PLAINTIFF and AGAINST DEFENDANT)

70. All prior paragraphs of this Complaint are incorporated by reference, as though fully set forth herein.

71. DEFENDANT discharged PLAINTIFF from its employ as alleged herein, and such discharge was substantially motivated by PLAINTIFF'S request for equal pay at the market rate.

72. This termination violated important public policies reflected in the U.S. and California Equal Pay Acts and the California Fair Employment and Housing Act as pled herein.
73. As a direct and proximate result, PLAINTIFF suffered injury and attendant damages.
74. Plaintiff seeks compensatory damages, attorney's fees, and costs of litigation.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF prays for judgment as follows:

1. For unpaid/underpaid wages as pled herein.
2. For liquidated damages as pled herein.
3. For interest on unpaid/underpaid wages as pled herein.
4. For compensatory damages as pled herein.
5. For attorney's fees as pled herein.
6. For costs of litigation as to all counts.
7. For pre-judgment and post-judgment interest as provided by law;
8. For such other and further relief as this court deems just and proper so as to provide all available remedies available at law or equity to the benefit of PLAINTIFF.

For the purposes of default judgment and due process, and subject to revision upwards or downwards according to proof, PLAINTIFF makes a specific demand per the Federal Rules of Civil Procedure. PLAINTIFF demands $300,000 plus attorney's fees and costs.

Respectfully submitted,

Date: March 23, 2022                    CLAYEO C. ARNOLD, APLC

                                        By: /s/ Joshua H. Watson
                                            Joshua H. Watson
                                            Attorneys for Plaintiff

## DEMAND FOR JURY

Plaintiff demands jury trial for all counts and issues subject to trial by jury.

Date: March 23, 2022                    CLAYEO C. ARNOLD, APLC

                                        By: /s/ Joshua H. Watson
                                            Joshua H. Watson
                                            Attorneys for Plaintiff